P. QUENTIN CANTON, by Alvin O. Canton,
Attorney-in-Fact

v.

ADOLPH DUVERGEE, Deceased, and all persons claiming
any interest in the property 71B Queen Street, Kings
Quarter, Charlotte Amalie, St. Thomas, Virgin Islands
**P. QUENTIN CANTON, Appellant**

## No. 18,488

## United States Court of Appeals

### Third Circuit

## Argued January 26, 1971

## Decided March 3, 1971

*See, also, 438 F.2d 1218*

GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, St. Thomas,
V.I., *for appellant*

WILLIAM W. BAILEY, ESQ. (BAILEY, WOOD and ROSEN-
BERG), Charlotte Amalie, St. Thomas, *for appellee*

Before STALEY, FREEDMAN and ADAMS, *Circuit
Judges*

PER CURIAM:

On July 25, 1969, plaintiff, P. Quentin Canton, filed an action for title by adverse possession in the United States District Court of the Virgin Islands, Division of St. Thomas and St. John. After the plaintiff published notice of the action in a local newspaper, Marie Valeria Duvergee entered an appearance in opposition to Canton's action.

At trial, the evidence demonstrated that on January 10, 1951, Henry Adolph Duvergee died intestate, survived by his stepson, P. Quentin Canton, and his alleged illegitimate daughter, Marie Valeria Duvergee. The plaintiff occupied the real estate in question which remains part of Henry Adolph Duvergee's estate. At least until the day of the trial, Canton had made all necessary repairs, paid all the taxes due, and had obtained several tenants for the property.

Section 11 of the Virgin Islands Code governs the acquisition of title to real property by adverse possession: "The uninterrupted, exclusive, actual, physical, adverse, continuous, notorious possession of real property under claim or color of title for fifteen years or more shall be conclusively presumed to give title thereto, except as against the government." The District Court concluded that Canton had failed to prove that he satisfied the requirements of Section 11, because ". . . being the stepson of the decedent, his collecting the rents of that property, was not adverse, notorious possession of the property within the meaning of Title 28 of the Virgin Islands Code, Section 11; for being the stepson of Mr. Duvergee it would be in keeping with that relationship for him to have collected rents."

The District Court's decision was supported by testimony given during the trial. When asked on direct examination, "After Mr. Duvergee's death, do you know whether or not he owned the property?", plaintiff Canton replied, "To the

best of my knowledge, he did." Also, Alvin Canton, the manager of the property in question and plaintiff's brother, responded to a question propounded to him during cross-examination, "And you have always known, when you have been taking care of the property, that the title to the property was in Mr. Adolph Duvergee, did you not?" by answering, "Yes." In addition, the plaintiff failed to present evidence indicating the disposition of the profit, if any, derived from receipt of rent paid by tenants occupying the property in question.

At the conclusion of the plaintiff's evidence, the Court granted a motion to dismiss the complaint. Under the circumstances, the District Court was justified in concluding that the plaintiff was acting in a fiduciary capacity on behalf of his stepfather's estate and thus was unable to prove compliance with the standards of the Adverse Possession Act.

The judgment of the District Court will be affirmed.